IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

LATONJA WILSON-BROWN )
    Plaintiff, )
)
v. ) Civil Action No. TMD 12-01112
)
)
CAROLYN COLVIN,[1] )
Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Latonja Wilson-Brown ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 11) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 13). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

## I. Procedural History

Plaintiff filed her applications on April 2, 2008 alleging disability since February 4, 2008 on the basis of asthma, lower back pain and left and right knee pain. R. at 13, 176-79. 180-82, 192. Her claims were denied initially and on reconsideration. R. at 143-46, 147-49, 152-53, 154-55. On July 12, 2010, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 102-42. Plaintiff was represented by counsel. In a decision August 27, 2010 the ALJ denied Plaintiff's request for benefits. R. at 10-23. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-6.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: discogenic and degenerative changes in her right shoulder status post-surgery, asthma, migraine headaches, obesity, major depressive disorder without psychosis, and panic disorder with agoraphobia. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was unable to perform her past relevant work. At step five, the ALJ concluded that, given her residual functional capacity ("RFC"), Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not

2

disabled. R. at 13-23.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

### IV. Discussion

Plaintiff argues that the ALJ (1) failed to properly evaluate her impairments at step three of the sequential evaluation; (2) erroneously assessed her RFC; and (3) erroneously relied upon VE testimony.

    A.    Listing 1.02

Plaintiff contends that the ALJ failed to adequately consider Listing 1.02. Listing 1.02A

Major dysfunction of a joint(s) (due to any cause) is:

> [c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: A. Involvement of one major peripheral weight-bearing joint (*i.e.,* hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b[.]

Well-established precedent dictates that absent ample evidence suggesting that Claimant's impairments met one of the listings, the ALJ had no duty to identify the listings or compare the evidence to the listing requirements. *Huntington v. Apfel,* 101 F.Supp.2d 384, 390 (D.Md.2000) (citing *Cook v. Heckler,* 783 F.2d 1168, 1172 (4th Cir.1986)); *Ketcher v. Apfel,* 68 F.Supp.2d 629, 645 (D.Md.1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). Moreover, in the absence of evidence that consideration of the listings would have changed the outcome of Claimant's claim, any error is harmless.

Here, the ALJ specifically indicated that the state agency physicians determined Claimant did not meet any listed impairment (and no evidence submitted subsequent to those determinations warranted a different result) nor did any treating physician suggest otherwise. R. at 16. As noted above, in order to meet the Listing, Claimant carries the burden of demonstrating that she has an inability to ambulate effectively. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (in order to meet a listed impairment, claimant must meet all of the elements of that impairment). § 1.00B2b provides: "Inability to ambulate effectively means an extreme

4

limitation of the ability to walk; *i.e.,* an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities...." No evidence showed that Claimant needed to use a walker, cane, or other hand-held assistive device for ambulation. While Plaintiff directs the Court's attention to evidence regarding her knee surgeries and diagnoses of arthritis, her own allegations of difficulty with walking, R. at 119, 131, 217, 234 and an isolated notation that she walks with an antalgic gait, R. at 410, such evidence is clearly insufficiently "extreme" to render her unable "to ambulate effectively," as required to equal Listing 1.02(A). Without evidence that Claimant was unable to ambulate effectively, the ALJ did not err in his consideration of Listing 1.02.[2]

    B.    <u>RFC</u>

Plaintiff next argues that the ALJ erred in his RFC determination with respect to Claimant's ability to perform the mental demands of work. She argues that the ALJ failed to evaluate and include the limitations expressed by the state agency physician in the Mental Residual Functional Capacity Assessment dated January 7, 2009. R. at 458-59. This issue was recently addressed by this Court in *Livingston v. Astrue,* No. SAG-10-2996, 2013 WL 674075, at *2 (D. Md. Feb. 22, 2013). Similar to the case at bar, the state agency physician checked

---

[2] Moreover, the evidence does not demonstrate (nor does Claimant argue) that she meets the other criteria in Listing 1.02 (gross anatomical deformity of a joint, with chronic joint pain and stiffness).

multiple "moderate limitations" in Section I of his opinion but did not specifically mention each

of these in his opinion. However, as noted in *Livingston*,

> the relevant portion of the physicians' opinions is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e.g., Andrews v. Astrue,* Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so.").

*Livingston,* 2013 WL 674075, at *2. The ALJ adequately addressed the limitations found in the

state agency physician's Section III RFC. R. at 460. R. at 16. Dr. Walcutt opined Claimant

had "mild to moderate limitations" in activities of daily living, concentration, persistence, pace

and work related social activities. R. at 460. The ALJ, in fact, found slightly more conservative

limitations in that he indicated Claimant experienced mild limitations in activities of daily

living but moderate impairments in concentration, persistence, and pace as well as social

functioning. R. at 16. The ALJ adequately addressed these impairments by limiting Claimant to

routine, repetitive, unskilled tasks. R. at 17. Unskilled work is defined as "work which needs

little or no judgment to do simple duties that can be learned on the job in a short period of

time." 20 C.F.R. § 404.1568(a). *See Livingston*, 2013 WL 674075 at *2 ("The ALJ adequately

addressed [Claimant's moderate impairments in concentration, persistence and pace] by limiting

6

Claimant to simple, unskilled work."). Because the ALJ's determination was supported by substantial evidence, there is no basis for remand. While the Court acknowledges that the ALJ did not specifically mention each of the findings in Dr. Walcutt's report, the Court notes that any error was harmless because despite that failure, the RFC was nonetheless consistent with those findings.[3] Finally, the Court has reviewed Plaintiff's other arguments with respect to the ALJ's RFC and finds them to be without merit.[4]

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: September 16, 2013 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

---

[3] Dr. Walcutt indicated Claimant functions in a "generally independent fashion and can meet various personal needs from a mental standpoint." R. at 460. He further found that she manages within a basic routine, that she appears to have the ability to interact and relate with others socially, that she can adequately negotiate in the general community, and that she retains the capacity to perform work-related tasks from a mental health perspective. *Id*.

[4] Plaintiff's final argument that the ALJ relied upon an improper hypothetical to the VE is also rejected. This argument is based on the same assertions discussed above with regard to alleged errors pertaining to Claimant's RFC. Accordingly, the argument fails for the same reasons which need not be reiterated here.